CASE *v.* PHŒNIX BRIDGE CO.

*(Superior Court of New York City, General Term. December 1, 1890.)*

1. JUDGMENT—RES ADJUDICATA.

A complaint contained three causes of action, one to recover the amount due on a contract, another to recover for extra work, and the third to recover for damages sustained by defendant's failure to perform certain conditions of the contract. *Held,* that a judgment in favor of plaintiff on the first two causes of action was an adjudication that she had performed all the conditions precedent on her part.

2. PLEADING—AMENDMENT—NEW MATTER.

The causes of action were severed. On the trial of the third cause, defendant moved to amend the answer by setting up the judgment in favor of plaintiff on the first and second causes of action as a bar. *Held,* properly denied, as the effect was to interpose a new defense.

3. PAROL EVIDENCE.

A contract being silent as to the time when plaintiff was to begin work thereunder, oral testimony to supply the omission is competent.

4. SAME.

It is not error for the referee to admit the testimony subject to a motion to strike out if it varied or altered the contract.

5. EVIDENCE—COMPETENCY.

Nor was it error for the referee to admit evidence showing the price at which the plant used by plaintiff in doing the work could be let by the day, to show an element of the damage sustained by plaintiff through the delay of defendant.

Appeal from judgment on report of referee.

Action by Margaret A. Case against the Phœnix Bridge Company to recover. Plaintiff and defendant entered into an agreement, whereby the plaintiff agreed to sink about 154 wrought-iron piles for an iron pier at Cape May, N. J., and to place and secure iron transverse girders on top of the piles, and to put in place the transverse and lateral rods and struts designated in the plans and specifications which accompanied the agreement, and that all such work should be performed in 30 days after iron sufficient therefor had been delivered, provided the iron so delivered was in proper form and adapted to the work, and was delivered in sufficient quantity, and the floor of the pier was laid as fast as required for the erection of the iron work. By the agreement defendant was to pay plaintiff at the rate of $27.50 for each pile sunken, and to deliver all the iron called for by the agreement, plans, and specifications at the site of the pier, as rapidly as the progress of the work required, and to furnish a competent engineer to furnish lines and levels, and to lay the floor of the pier as fast as it was practicable, and to make payments to the plaintiff twice each week, as the work progressed. The first cause of action was for $105, with interest, being an unpaid balance of the contract price. The second cause of action was for extra work and material furnished at defendant's request in and about the erection of the pier, and which were worth $131.01. The third cause of action was for damages sustained by plaintiff to the amount of $4,290, because of the failure of defendant to deliver the iron in proper form, or adapted to the work, or in sufficient quantity, or as rapidly as the progress of the work required; and also because of the defendant's failure to lay the floor of the pier as fast as it was practicable to lay it. Defendant demurred to the third cause of action, and suffered a default as to the first two causes of action. Thereupon plaintiff, on an affidavit showing the default on

notice to defendant, obtained an order that the action be severed, and that judgment be entered for plaintiff for the first and second causes of action, and that the action be continued against defendant with like effect as to the subsequent proceedings as if it had been originally brought on the third cause of action.   Defendant's demurrer was overruled, and upon an appeal to the general term the decision on the demurrer was affirmed.   55 N. Y. Super. Ct. 25. Thereafter, defendant answered by a general denial, except that an agreement was made between the plaintiff and the defendant on April 24, 1884.   On the first two causes of action judgment was entered on the 11th December, 1886, against the defendant for the amount claimed on said first and second causes of action, and the amount adjudged to be due was subsequently paid by the defendant.   The issues raised by the answer to the third cause of action were thereafter referred.   On the trial defendant moved for leave to amend the answer by setting up the judgment entered in favor of the plaintiff on the first and second causes of action, as a bar to the prosecution of the third cause of action.   The referee denied the motion for leave to amend, for the reason that he had no power to allow any such amendment upon the trial.   The referee found that plaintiff was entitled to judgment against defendant on the third cause of action for $611.50, with interest from August 8, 1884, and upon his report judgment was subsequently entered, and defendant appeals.

Argued before FREEDMAN and TRUAX, JJ.

*Shearman & Sterling,* for appellant.   *Edward S. Clinch,* for respondent.

TRUAX, J.   The amended complaint contained three causes of action:   One to recover the amount due on a contract, another to recover for certain extra work, and the third to recover for damages sustained by plaintiff because of the failure of defendant to perform certain conditions of said contract on its part.   The defendant allowed judgment to be entered against it on the first two causes of action, but defended as to the third cause of action.   It was held on a former appeal (55 N. Y. Super. Ct. 25) that the complaint, (as to the third cause of action,) in effect, alleged that plaintiff and the force she had under pay to perform the work she contracted to perform upon certain materials, and a certain structure, which materials the defendant contracted to furnish as rapidly as the progress of the work required, and which structure was to progress as fast as possible, were kept by the act and neglect of defendant waiting an unreasonable length of time for such materials and structure, and that she was obliged to pay her men for their working-time in 55 days more than she would have paid them had defendant performed the conditions of the contract on its part, to the plaintiff's damage.   The printed case shows that on the trial evidence was given showing delay on the part of the defendant in furnishing said materials, and evidence was also given that tended to show that plaintiff was damaged by such delay.   Under the ruling on the former appeal, a cause of action in favor of the plaintiff against the defendant was proved on the trial.

The defendant contends that plaintiff did not perform all the conditions precedent on her part, and that for that reason the complaint should have been dismissed, unless the judgment entered upon the first two causes of action was an adjudication that she had performed all such conditions.   We are of the opinion that said judgment was such an adjudication; for if plaintiff had not substantially performed all such conditions precedent she would not have been entitled to recover in an action brought upon the contract.   That judgment is as contradicting as it would have been if it had been entered in an action brought by plaintiff to recover on the first cause of action alone.

The defendant also contends that certain evidence that tended to vary the written contract was admitted on the trial.   The referee said that he would admit the evidence, provided it did not vary or alter the contract; and further said that he would grant a motion to strike out the testimony in case it tended

to alter or modify the contract. No such motion was made. We think that it was not error for the referee to admit the testimony conditionally. And moreover, the testimony did not vary the contract. It added to the contract a provision not in conflict with the contract upon which the contract was silent, viz., the time when plaintiff was to begin work under the contract.

The referee did not err in refusing to allow defendant to amend the answer on the trial by setting up a new defense. The referee did not have the power to allow such an amendment.

It was not error for the referee to admit evidence showing the price at which the various articles constituting the plant used by plaintiff in doing the work mentioned in the contract could be let by the day. Such evidence tended to show one element of the damage sustained by plaintiff through the delay of the defendant. The judgment is affirmed, with costs.