George M. Robeson, Respondent, *v.* The Central Railroad Company of New Jersey, Appellant.

*Action by an attorney against a foreign corporation to recover for professional services — maintainable in the New York courts — Code of Civil Procedure, § 1780 — Statute of Limitations not available to a foreign corporation — statutes of other States — how proven — amendment of answer.*

Where a contract, under which an attorney rendered certain professional services to a foreign corporation, was made in the State of New York and part of such services were rendered in that State, the case is within section 1780 of the Code of Civil Procedure, and there is no merit in the contention that because the price of the services to be rendered under the contract was not fixed thereby there was no contract within the meaning of that section.

A foreign corporation cannot avail itself of the Statute of Limitations of the State of New York in an action brought in the New York courts.

Where a defendant seeks to plead the Statute of Limitations of another State, such statute or its substance should be set forth in the answer, or it should be therein referred to by the date of its enactment or by reference to the public statutes of such State.

The Statute of Limitations is an affirmative defense which must be proved by the pleader.

It is beyond the power of a referee appointed to hear and determine the issues in an action to allow an amendment to an answer which would introduce a new defense.

In an action brought by an attorney against a foreign (New Jersey) corporation to recover the value of professional services rendered, the defendant insisted that the plaintiff could not maintain the action, because under the laws of the State of New Jersey an action could not be maintained for the recovery of services rendered by an attorney or counselor at law. There was no evidence given on the trial as to what the law of New Jersey was upon the subject.

*Held,* that the law of New Jersey must be presumed to be the same as that of the State of New York.

APPEAL by the defendant, The Central Railroad Company of New Jersey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of October, 1893, upon the report of a referee.

The plaintiff is a resident citizen of New Jersey and an attorney and counselor of the courts of that State and of the Supreme Court of the United States. The defendant is a corporation of that State, but for many years has had an office for the transaction of business in the city of New York, which was the office of its president and the place where all the meetings of its board of directors were held. On the 29th of May, 1883, the defendant leased its railroad and leased lines to the Philadelphia and Reading Railroad Company for 999 years, for a yearly rental payable quarterly, sufficient to enable the lessor to pay its fixed charges, the interest on its liabilities, which were upwards of $50,000,000, and six per cent annually on its capital, amounting to $18,563,200, and $18,000 annually to enable it to maintain its organization.

In June, 1884, the lessee being insolvent, a receiver of it was appointed by the Circuit Court of the United States for the eastern district of Pennsylvania, who entered into possession and control of its property. On the 1st of December, 1884, the lessee made default in the payment of the quarter's rent due on that day, and it became necessary for the lessor to obtain possession of its road and of its income, so as to enable it to discharge its obligations to its creditors, and to pay the taxes levied upon its property.

On the 12th of December, 1884, at a meeting of the defendant's board of directors, and on the 28th of January, 1885, at a like meeting of said board, the defendant's president was authorized to employ counsel to protect the interests of the corporation arising out of the breach of the lease, and also to contest its liability for taxes under the law of the State of New Jersey, passed April 10,

1884. The referee finds that in December, 1884, the plaintiff and defendant, through its president, entered into a contract at the office of the defendant in the city of New York, by which the plaintiff was retained to render professional services for the defendant in securing the possession of its road, and defeating the taxes under the law mentioned. The referee finds that thereafter, and before June 1, 1886, the plaintiff, at the defendant's request, rendered professional services for it at the city of New York and elsewhere, in proceedings to obtain repossession of defendant's property theretofore leased to the Philadelphia and Reading Railroad Company, and in certain proceedings before the board of tax assessors, the Supreme Court of the State of New Jersey, and the Court of Errors of that State, in opposition to the taxation of the defendant under the act of April 10, 1884. The referee finds that under the retainer the plaintiff rendered professional services of the value of $15,000, $10,000 being the value of his services rendered in obtaining repossession of the defendant's property, and $5,000 the value of his services rendered in resisting the taxes, and that $4,000 has been paid on account of his services. The referee directed a judgment in favor of the plaintiff for the remaining $11,000, with interest from April 8, 1892, the date when this action was begun.

*Robert W. De Forest,* for the appellant.

*George H. Adams,* for the respondent.

FOLLETT, J. :

The defendant concedes that it employed the plaintiff to conduct legal proceedings to recover possession of the property leased by it to the Philadelphia and Reading Railroad Company, the defaulting lessee. The value of these services the defendant ought to pay. The defendant answers that $4,000, which the plaintiff admits he received, is an adequate compensation for the services rendered in recovering possession of the property. The learned and experienced referee found that these services were worth $10,000, which left, after deducting the payments, $6,000 due and unpaid. The valuation of the plaintiff's services by the referee is certainly not excessive, in view of the services proved to have been rendered, the value of the subject-matter of the litigation (about $70,000,000) and the eminence and experience of the plaintiff. The defense of pay-

ment for these services was not sustained by the evidence as the referee well found.

The defendant also asserts that the courts of this State are without jurisdiction of the subject-matter of the action. The referee found that the contract under which the services were rendered was made in the State of New York, and that part of the services were rendered in this State, which brings the case within section 1780 of the Code of Civil Procedure. There is no merit in the contention that because the price of the services to be rendered under the contract made in this State was not fixed by it there was no contract within the meaning of the section of the Code last mentioned. The complaint contains but one count or cause of action for the recovery of all the services rendered by the plaintiff. The defendant, without moving to have what it claims to be two separate causes of action separately stated, answered and, among other defenses, averred: "VI. That the alleged cause of action stated in the complaint herein did not accrue within six years before the commencement of this action."

The defendant being a foreign corporation cannot avail itself of the Statute of Limitations of this State. (*Olcott* v. *The Tioga Railroad Co.*, 20 N. Y. 210; *Rathbun* v. *The Northern Central Ry. Co.*, 50 id. 656; *Boardman* v. *Lake Shore & Michigan Southern Ry. Co.*, 84 id. 157; *Mallory* v. *Tioga Railroad Co.*, 3 Keyes, 354.)

The Statute of Limitations of the State of New Jersey is not referred to nor legally pleaded in the answer. The statute or the substance of it should have been set forth, or it should have been referred to by the date of its enactment, or by some reference to the public statutes of that State. In this answer there is no reference to the Statute of Limitations of the State of New Jersey, nor is there any allegation in it that there is a statute on that subject in that State. The answer was insufficient to raise this question. (Van Santv. Pledgs. [Moak's ed.] 208; Boone's Code Pledgs. § 29, and cases cited; Bliss' Code Pledgs. §§ 184–304.) The learned counsel for the defendant insists that if the New Jersey statute was not well pleaded, the referee should have allowed the answer to have been amended. This would have introduced a new defense, which was beyond the power of the referee. (*Riley* v. *Corwin*, 17 Hun, 597; *Case* v. *Phœnix Bridge Co.*, 26 J. & S. 435; Code Civ. Proc.

§ 1018, and cases cited.) But assuming that the New Jersey Statute of Limitations is well pleaded, we think the defendant failed to establish this defense. November 7, 1885, the defendant drew its check to the order of the plaintiff for $1,500, which the defendant received and receipted for on the ninth of the same month, and on the 2d of April, 1886, the defendant drew to the order of the plaintiff a check for $2,500, which was mailed to the defendant at Washington. The date when this check was mailed by the defendant to the plaintiff does not appear, nor does it appear when the plaintiff received it, nor when it was paid. Both of these checks were, as is claimed by the defendant, paid on account of the proceedings taken to recover possession of the defendant's property. If the last check was received by the plaintiff subsequently to April 8, 1886, the action was brought within six years from the date of the last payment, and the Statute of Limitations had not applied as a bar. The Statute of Limitations is an affirmative defense which must be proved by the pleader.

The proceedings to recover possession of the leased property from the Philadelphia and Reading Railroad Company were begun March 24, 1885, and the final order was entered April 6, 1886, when the defendant claims the plaintiff's retainer in this matter terminated, but the evidence is that, in May and June following, the plaintiff had consultations with the directors and officers of the defendant with reference to the matter. The plaintiff appeared before the tax commissioners December 15, 1884, and argued the appeal in May, 1886, before the Court of Errors. The referee found that the plaintiff rendered services under his general retainer between December 1, 1884, and June 1, 1886, and there is no finding nor any request to find that services were not rendered within six years prior to the commencement of the action, except the referee was requested to find that the services in the proceedings to recover possession of the property ended April 6, 1886. The Statute of Limitations did not begin to run on the demands until the plaintiff's services were terminated. (*Bathgate* v. *Haskin*, 59 N. Y. 533; *Mygatt* v. *Wilcox*, 45 id. 306.) As before stated, the defendant made no attempt to separate the claim for the services rendered for recovering possession of the property and to interpose the plea of any Statute of Limitations as a bar to plaintiff's recovery for such services.

The defendant also insists that the plaintiff cannot maintain this action because, under the laws of New Jersey, an action cannot be maintained for the recovery of services rendered by an attorney or counselor at law. The answer to this is, as stated by the learned referee, that there was no evidence given on the trial as to what the law of New Jersey was upon that subject, and that it must be presumed to be the same as the law of the State of New York.

There is no claim that any Statute of Limitations is a bar to the claim for services rendered in the tax proceedings. The defenses interposed to this demand are that the courts of this State are without jurisdiction, and that, under the laws of New Jersey, counsel cannot recover for professional services, and that the plaintiff was never employed by the defendant to conduct these proceedings. The first two defenses have been sufficiently discussed and little need be said on the merits. The plaintiff testified that he was so employed, and it was undisputed that he was actively engaged 'as counsel in those proceedings for more than two years, and it is plain that he earned the sum allowed by the referee. The only question is, which of the several railroad corporations, jointly interested in this question, employed the plaintiff? This issue was found by the referee in favor of the plaintiff, and upon evidence which, we think, is entirely sufficient to sustain his conclusion.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.