### MOORE v. COLER et al.

(Supreme Court, Appellate Division, Third Department.   June 29, 1905.)

STATUTES—FOREIGN LIMITATIONS—PROOF—SUFFICIENCY.

Proof that a section of the statutes of another state declares that "every action, other than for the recovery of real estate for which no limitation is otherwise prescribed, shall be brought within four years," does not amount to proof that four years is the limitation imposed upon an action on a county bond.

.Appeal from Trial Term, Clinton County.

Action by Edwin G. Moore against William N. Coler and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Carter, Hughes & Dwight (Thomas H. Rothwell, of counsel), for appellants.

H. E. Barnard (S. L. Wheeler, of counsel), for respondent.

CHASE, J.   The plaintiff is the owner of bonds of the par value of $3,900 issued by the county of Marion, in the state of Texas. Said bonds became due on the 1st day of July, 1893, and have not been paid.   The defendants are bankers and brokers, and the plaintiff has recovered against them in this action a judgment for $3,925.35 for damages by reason of their having carelessly and negligently failed, as the agents of the plaintiff, to bring a suit upon said bonds and put them into judgment before the statute of limitations of the state of Texas had become a bar to the plaintiff's right to recover thereon.   The paragraph of the plaintiff's complaint relating to said statute of limitations is, as follows:

"That in the state of Texas there is a statute of limitations which provides, in substance, that, four years from the time a cause of action accrues upon bonds of the character of the bonds hereinbefore referred to and mentioned, all causes of action thereon are forever barred, and that, by reason of said statute, four years from the 1st day of July, 1893, all rights and causes of action and claims of this plaintiff under and by virtue of the aforesaid bonds were barred and forever foreclosed."

The defendants by their answer deny any knowledge or information sufficient to form a belief as to said allegations of the complaint. On the trial of the issues the plaintiff offered in evidence section 3358 of the Revised Statutes of 1895 of the state of Texas, which is as follows:

·"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

The offer of said section of the Revised Statutes of the state of Texas was included in an offer to read in evidence four other sections of said statutes, not relating, however, to the time of the limitation of actions. To the offer so made the defendants objected, among other things, "that those sections alone were not sufficient to show that the statute of limitations had run." The objections were overruled, and the evidence was received, and the defendants excepted. At the close of the plaintiff's case the defendants moved to dismiss the complaint upon the ground, among others, "that it does not appear that suit in Texas is barred by the statute of limitations; that the sections of the statute in evidence do not establish that suit was barred." Again at the close of all the evidence the motion to dismiss was renewed. Both motions were denied, to which denials the defendants excepted.

The justice presiding at the trial charged the jury that:

"According to the law of Texas, as it is in evidence here, and which you must regard as the law controlling the contracts, an action to recover upon a debt must be brought within four years after the time it could be brought."

The defendants on the trial clearly and persistently insisted that said section of the Revised Statutes of Texas does not show that an action upon municipal bonds must be brought in that state within four years after they become due, and for the same reason, among others, they insist in this court that the judgment must be reversed. Assuming that the plaintiff has shown that the defendants, as his agents, were negligent as alleged by him, he should not recover in this action for said negligence unless he shows himself damaged thereby. The first essential affirmative fact to show that he has been damaged by such negligence is the fact that at the time that the plaintiff discovered such negligence the right to sustain an action on his bonds was barred by the statute of limitations of the state of Texas. Said section of the Revised Statutes does not show that an action brought at that time could not have been sustained. Peradventure, there are other sections of the statutes of that state prescribing a longer period of time in which to bring an action upon municipal bonds or evidences of indebtedness like those held by the plaintiff. The language of the section assumes that other statutes exist, or may exist, relating to specific causes of action. Said section, like section 388 of the Code of Civil Procedure in this state, is undoubtedly a statute passed to provide against a cause of action not specifically enumerated being left without some limitation of time in which an action can be commenced thereon. The courts of this state do not take judicial notice of the statutes of another state. 16 Cyc. 893. The statute of limitations of Texas applicable to municipal bonds being a necessary part of the plaintiff's cause of action, it was necessary for him to produce affirmative proof thereof. Robeson v. Central Railroad Co., 76 Hun, 444, 28 N. Y. Supp. 104; Lavelle v. Corrignio, 86 Hun, 135, 33 N. Y. Supp. 376. Said section of said statutes is not such affirmative proof.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.