## BANK OF WALDRON *v.* EUPER.

### Opinion delivered February 21, 1910.

1. GARNISHMENT—JUDGMENT AGAINST GARNISHEE IN FAVOR OF DE-
FENDANT.—A garnishment proceeding only draws in controversy so
much of the garnishee's indebtedness as is necessary to satisfy the
plaintiff's debt, and the remainder of the debt does not become in-
volved in the controversy, and there is no statutory authority for a
court to render judgment against the garnishee in favor of the de-
fendant.    (Page 611.)

2. BANKRUPTCY—PARTIES.—In a proceeding in bankruptcy to hold a bank
as trustee for the proceeds of a check assigned to it by the bankrupt
and collected by it, one to whom the check was handed to be delivered to
the bankrupt, and who had no interest in it, is not a necessary party.
(Page 611.)

3. PARTIES—NONJOINDER.—A request that a new party be brought into
a suit comes too late after the case has been argued and submitted,
and the chancellor has intimated what his decision is to be.
(Page 611.)

Appeal from Sebastian Chancery Court, Fort Smith Dis-
trict; *J. Virgil Bourland,* Chancellor; affirmed.

*Youmans & Youmans,* for appellant.

The court should have made G. R. Mitchell a party for the
protection of the bank.

*Winchester & Martin,* for appellee.

1. The motion to make G. R. Mitchell a party came too
late—after the case was tried. Besides, he had no interest.

2. No judgment can be properly entered against a garnishee
in default of an answer until after judgment for plaintiff. 70
Ark. 127; 62 *Id.* 616; 48 *Id.* 350; 45 *Id.* 271.

3. All parties interested were before the court.

McCULLOCH, C. J. This is an action instituted by appellee,
W. L. Euper, as trustee of the estate of L. L. Mitchell, a bank-
rupt, to recover from appellant bank the sum of $500, alleged to
be the property of the bankrupt's estate. The facts are undis-
puted, and but one point is raised—whether or not one G. R.
Mitchell was a proper or necessary party to the action. Be-
fore L. L. Mitchell filed his petition in bankruptcy, he sold his
stock of merchandise to one Abbott for the sum and price of
$500; and, in payment of the price, Abbott delivered to G. R.
Mitchell, who is a son of L. L. Mitchell, a check for that

amount, drawn by McCraw & Hawthorne on the Bank of Waldron, payable to Abbott's order. There were sufficient funds of the drawer in the bank to pay the check, and have been at all times. The Stein Mercantile Company, a creditor of the Mitchells, instituted an action at law against them and garnished the bank. When the case was tried, said creditor recovered judgment against Mitchell for $352.85, and the trial court ordered the garnishee to pay that sum over to the garnishment creditor and pay the balance, $147.15 over to G. R. Mitchell. After the institution of that suit, but before judgment, G. R. Mitchell, with his father's consent, assigned and delivered the check to Johnson, an attorney at law, in payment of a fee due him or to become due him for defending the Mitchells in a criminal prosecution. Johnson assigned the check to the Sallisaw Bank & Trust Company, and the latter presented it to the Bank of Waldron for payment, which was refused on account of the pending° garnishment proceedings. The Sallisaw Bank & Trust Company returned the check to Johnson. The petition in bankruptcy was then filed by L. L. Mitchell, and he was adjudged to be a bankrupt, and appellee became trustee of the estate.

This action was first instituted in the circuit court, and then transferred to the chancery court, and the Stein Mercantile Company, the Sallisaw Bank & Trust Company and Johnson were made parties, as well as appellant Bank of Waldron. The Stein Mercantile Company answered, renouncing any claim to the funds except as a general creditor of the bankrupt estate of L. L. Mitchell. The Sallisaw Bank & Trust Company filed its joint answer and cross-complaint, claiming the funds under the assignment of the check by G. R. Mitchell. Appellant Bank of Waldron filed its answer, admitting that it held the funds covered by the check, and pleaded judgment against it in the garnishment case in bar of appellee's right to recover the funds.

The court heard the case on the pleadings and proof, and found, among other things that said L. L. Mitchell was the sole owner of the stock of goods, and sold same to Abbott in fraud of his creditors, and that Johnson received the check from G. R. Mitchell with knowledge of these facts, and rendered a decree in favor of appellee as such trustee for the recovery of the funds. The Bank of Waldron alone appeals, and as ground for re-

versal urges that G. R. Mitchell should have been made a party to the action. This is urged on the ground that in the garnishment proceeding the court ordered the balance of the fund, after deducting the claim of the garnishment creditor, to be paid over to G. R. Mitchell. The court made that order probably on the theory that G. R. Mitchell was the holder of the check, and without any showing that he had assigned the check to Johnson.

This order did not constitute a judgment in favor of G. R. Mitchell against the bank as garnishee. Mitchell was a defendant in that action, but was not entitled to a judgment against the garnishee for the balance after satisfying the claim of the creditor. There is no authority in law for the court to render such a judgment. Garnishment is only a method provided by statute for a plaintiff to enforce a judgment against a defendant who is his debtor, and such a proceeding only draws in controversy so much of the garnishee's indebtedness to the defendant as is necessary to satisfy the plaintiff's debt. *Davis* v. *Choctaw, O. & G. Rd. Co.,* 73 Ark. 120. The remainder of the debt, if any, does not become involved in the controversy, and there is no statutory authority for a court to render judgment against the garnishee in favor of the defendant. Kirby's Dig. § 3702.

G. R. Mitchell had no interest in the fund, either at the time of the judgment in the garnishment-proceedings or during the pendency of the present action, for he had assigned the check to Johnson, who, with his assignee, the Sallisaw Bank & Trust Company, was party to the action. He asserted no claim to the funds in this action, and did not ask to be made a party. The check had merely passed through his hands, and he had no interest in it when this action was instituted. Moreover, appellant's request for G. R. Mitchell to be made a party came too late. The request came after the case was argued and submitted, and after the chancellor had intimated what his decision was to be.

Decree affirmed.