BRECKENRIDGE & BRASHEARS *v.* HEARNE TIMBER COMPANY.

Opinion delivered June 24, 1918.

1. EVIDENCE—CONTRACT SILENT AS TO DURATION—ORAL EVIDENCE TO EXPLAIN.—A. and B. entered into a contract whereby A. was to cut and deliver certain timber and B. was to pay for the same. In an action by A. against B. to recover for an alleged breach of the contract, oral testimony by A. that the contract was to run for a year is admissible, the contract being silent as to its duration.

2. STATUTE OF FRAUDS—DELIVERY AND ACCEPTANCE OF STAVES.—Where staves were manufactured and delivered by one party to a contract, and accepted by the other party, a contract to manufacture and deliver, and to accept and pay for the same is taken out of the statute of frauds.

3. GARNISHMENT — AMOUNT INVOLVED. — Garnishment proceedings only draw into controversy so much of the garnishee's indebtedness as is necesary to satisfy the plaintiff's debt.

4. GARNISHMENT—JUDGMENT FOR DEFENDANT—RES ADJUDICATA.— A garnishment proceeding in which A. is defendant and M. is plaintiff, and judgment is rendered for A. can not be pleaded as *res adjudicata* in an action by A. against B., garnishee in the former suit, on a claim of A. against B. for breach of contract.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; reversed.

*Huddleston, Fuhr & Futrell,* for appellants.

1. Oral testimony that the contract was to run a year was admissible. 60 S. W. 1010; 17 Cyc. 745; 2 Elliott on Contracts, § 1634; 11 N. Y. S. 724; 81 Ark. 373; 11 Am. St. 920; 26 Am. Dec. 542.

2. The contract was not void for want of mutuality. 94 Ark. 9. See, also, 18 N. E. 790; 106 U. S. 144; 96 Ark. 184.

3. The garnishment proceedings were no bar to this. 20 Cyc. 1101; 25 N. E. 1000; 37 Pa. St. 228.

The payment into court was not in full satisfaction. 78 N. W. 332; 34 Vt. 548; 58 N. H. 312; 41 Mich. 346; ·14 *Id.* 374; 70 Ark. 127; 93 *Id.* 609.

4.    It was error to direct a verdict.

*Block & Kirsch* and *Baker & Sloan,* for appellee.

1.    Oral testimony was not admissible.    83 Ark. 163; 100 *Id.* 360; 102 *Id.* 570; 112 *Id.* 165; 105 *Id.* 50; 113 *Id.* 509;. 125 *Id.* 219.,

2    There was no mutuality in the contract.    It was unilateral.    94 Ark. 9; 90 *Id.* 504; 96 *Id.* 184-188;. 64 *Id.* 398.

3.    The judgment in the McDaniel case was a bar. The money was paid into court and was an accord and satisfaction.    1 C. J. 565, § 94, p. 564, § 89; 94 Ark. 158; 98 *Id.* 269; 100 *Id.* 251.

### STATEMENT OF FACTS.

Appellants, a partnership composed of E. B. Breckenridge and O. M. Brashears, entered into a contract on January 28, 1914, with the appellee by which the appellee was to purchase certain cross and switch ties of certain kinds and dimensions at certain prices, all of which were specified in the contract.    The contract provided that the party of the first part was to advance moneys as the ties were being made in the woods, and when the ties were delivered by the appellants at the place designated and received by the appellee the latter was to be repaid the amount that it had advanced and the balance due on the purchase price was to be paid to Richard Jackson who was the owner of the timber out of which the ties were manufactured.    After Richard Jackson had been paid, then the balance due on the purchase price was to be paid to the appellants.    The contract did not specify how long the same was to be in force.

The appellant instituted this action against the appellee setting up the contract and alleging that the same was to continue for a period of one year.    They alleged that they had manufactured and delivered to appellee under the contract ties to the value of $8,052;

that the appellee had paid the sum of $6,533, leaving balance due appellants $1,529.34, for which they ask judgment. They further set up that appellee on the 19th day of August broke its contract by notifying the appellants that it would not thereafter receive and pay for ties under the contract. They alleged in their complaint that other damages accrued, growing out of the breach of the contract, which they specifically set forth. They prayed for damages in these several particulars, which in the aggregate amounted to $5,130.36.

The appellee answered admitting the contract but denying any breach of its conditions and denying all the allegations of the complaint. They admitted that there was a balance due appellants on the contract and alleged that the reason the same was not paid was because a suit had been instituted in the circuit court of Greene County wherein one J. E. McDaniel was plaintiff, and the appellants herein were defendants and the appellee was garnishee; that in response to the interrogatories in that cause appellee answered showing the amount of money that was due by it to appellants herein, making and filing as an exhibit a detailed account showing all the transactions between it and the appellants and the balance due appellants on the contract; that appellee paid into the circuit court in that case the amount so shown to be due appellants, and upon the trial of that cause the amount of money deposited by it into the registry of the court by the appellee, as garnishee, was accepted by appellants in full satisfaction of all claims against the appellee and appellee by the judgment of that court was discharged.

The appellee pleaded these proceedings as *res judicata* of the present issue and made the pleadings in that suit an exhibit of its answer in this suit.

In the suit of McDaniel against the appellants there was judgment in favor of the defendants, appellants here, and the judgment contained this recital:

"And it appearing to the court that garnishee, Hearne Timber Company, had answered the interroga-

tories filed in this case against them and admitted that they were indebted in the sum of three hundred forty seven and 28-100 dollars, and that they paid said amount into the hands of the clerk of this court, and it appearing to the court that of the sums of money paid in by garnishee that there is due to Richard Jackson the sum of two hundred forty-three and 15-100 dollars, and that there is due to the defendants one hundred four and 13-100 dollars, it is therefore by the court ordered and adjudged that the garnishee be discharged, and that the funds paid by it into the hands of the clerk of this court be by him paid as follows: To Richard Jackson, two hundred forty-three and 15-100 dollars, and the remainder, amounting to one hundred four and 13-100 dollars, to the defendants O. M. Brashears and Eli Breckenridge.''

Indorsed as follows:

''Rec'd. Fred Watson $104.13, amount due me under this judgment from Hearne Timber Co., April 22, 1916.

''(Signed) O. M. Brashears.''

The appellants offered to prove by oral testimony that they promised to operate for one year under the terms of the contract; that the contract was to continue for one year.

The court first admitted this testimony to go to the jury, but afterwards in an instruction withdrew the same from their consideration, to which the appellants duly excepted. The court then instructed the jury as follows:

''It further develops, in the course of the testimony in this case, gentlemen, that at the March term, 1915, of this court, in a proceeding brought by one J. E. McDaniel against the defendants there, who are the plaintiffs here, McDaniel sued to recover from the defendants in that case—the plaintiffs here—certain money for labor done and performed under a contract with them, and caused a writ of garnishment to be issued and served upon the defendant in that case, the Hearne Timber Company. In that proceeding the Hearne Timber Company

answered, at such March term, 1915, giving in a concise and complete way all of the transactions occurring between the parties to this suit here, growing out of this tie contract. The case as tendered by the plaintiff against the defendants went to trial before a jury in that court, and one of the jurors in this case was the foreman in that case, and reported a verdict in this court in favor of the defendants Brashears and Breckenridge, disposing of the case so far as the legal rights of the parties were concerned, but thereafter the plaintiffs here—the defendants in that case—permitted a judgment to be entered in that case, at that term, upon the answer of the Hearne Timber Company, the garnishee, containing this complete statement of all the transactions that occurred between these parties, and a judgment was rendered in that court, and the plaintiffs here accepted that judgment and the moneys that were dealt with and satisfied that record. That judgment was based upon a complete settlement offered by the Hearne Timber Company, it was accepted by the defendants—the plaintiffs here—and it is binding upon them. They can not now be heard to question those transactions that were concluded with their full knowledge and consent, in a proceeding in which they were parties, in which they permitted this settlement to go into a judgment. So it becomes the duty of the court, gentlemen, to settle this case on a question of law, and your verdict will be for the defendant.''

A verdict was returned as directed, upon which judgment was rendered and from which is this appeal.

WOOD, J., (after stating the facts). (1) The testimony of Breckenridge and also of Brashears was to the effect that they agreed to operate a year under the terms of the contract, and to manufacture all the ties they could within that time. It was understood between appellants and appellee that the contract was to run a year. The above testimony was competent, and the court erred in excluding it. The writing did not specify how long the same was to continue in force. The oral

testimony offered made it clear that it was contemplated by the parties that the contract should be in operation for the period of one year. This testimony was within the rule that where a written instrudent does not express the entire agreement or understanding of the parties oral testimony may be admitted to show such agreement or understanding. In such cases the instrument on its face shows that it is not complete, and the admission of oral testimony, therefore, does not tend to vary or contradict the written contract. The contract being silent as to the period of duration, parol evidence was admissible to show it. 2 Elliott on Contracts, sec. 1634; *Brincefield* v. *Allen,* 60 S. W. 1010; 17 Cyc. 745; *Appeal of Real Estate, Title, Insurance and Trust Co.,* 125 Penn. St. 549. See, also, *Case* v. *Phoenix Bridge Co.,* 11 N. Y. Supp. 724; *St. L., I. M. & S. Ry. Co.* v. *Wynne H. C. & C. Co.,* 81 Ark. 373; 1 Page on Contracts, sec. 27, p. 44.

(2) The testimony shows that after the contract was signed the appellants manufactured and delivered to appellee about 20,000 staves, which appellee had accepted. If the contract be treated as one which the statute of frauds requires to be in writing, still under the evidence showing a delivery and acceptance of part of the ties the contract of sale was taken out of the operation of the statute. *Walnut Ridge Merc. Co.* v. *Cohn,* 79 Ark. 338. See *Izard* v. *Connecticut Fire Ins. Co.,* 128 Ark. 434.

The testimony of the appellants tended to show that they had purchased from one Richard Jackson, in November, 1912, the timber on a large tract of land agreeing to pay therefor the sum of $3,520 in three equal annual installments and they were to have four years, and in certain event five years, in which to cut and remove the timber. They informed the agent of the appellee with whom the contract was made of such purchase and terms thereof and explained to them that their purpose for wanting this contract with the appellee for a year was to enable them to meet their payments to Jackson on the timber out of which the ties contemplated by the contract were to be manufactured. That under the contract they

were to manufacture all the ties they could for a space of one year.

The contract on the part of the appellee, to purchase upon the terms specified, implied a corresponding obligation on the part of the appellants to sell upon those terms. *Thomas-Huycke-Martin Co.* v. *Gray,* 94 Ark. 9.

(3) "A garnishment proceeding only draws in controversy so much of the garnishee's indebtedness as is necessary to satisfy the plaintiff's debt." *Bank of Waldron* v. *Euper,* 93 Ark. 609.

(4) In the suit of McDaniel, the plaintiff, against appellant here, McDaniel recovered nothing, therefore no indebtedness between the defendants, appellants here, and the garnishee, appellee here, was in issue in that suit. The defendants in that suit, appellants here, did not challenge the answer of the appellee, the garnishee, to the interrogatories propounded by the plaintiff McDaniel in that case, and they were not called upon to do so.

The receipt endorsed upon the margin of the record of the judgment in that case which was signed by O. M. Brashears, showed that he had received the sum of $104.13 from appellee under the judgment rendered in that case. But the judgment in that case, as before stated, was not an adjudication of the matters in issue here between appellants and the appellee and the receipt mentioned contained none of the elements of an accord and satisfaction that would preclude the appellants from prosecuting this suit against the appellees for damages growing out of the alleged breach of contract.

For the errors indicated, the judgment is reversed and the cause remanded for new trial.