## LANEY *v.* FAULKNER COUNTY HOSPITAL.

### Opinion delivered March 28, 1927.

1. CORPORATIONS—AGREEMENT TO PURCHASE BONDS.—A written contract to purchase $1,000 of the bonds of a corporation is not so ambiguous as to be unenforceable, in view of oral testimony as to an agreement to buy at par such bonds bearing 4 per cent. interest.

2. PLEADING—ALLEGATIONS OF COMPLAINT.—Allegations of a complaint which were not denied will be taken as true.

3. EVIDENCE—ORAL EVIDENCE EXPLAINING WRITING.—Where a written instrument does not express the entire agreement or understanding of parties, oral testimony may be admitted to show such agreement or understanding.

4. CORPORATIONS—CONTRACT TO BUY BONDS.—A contract to purchase $1,000 of bonds of a corporation *held* not void for want of mutuality as not showing obligation to sell the bonds, nor for want of the seller's signature; delivery of part of the bonds and tender of the remainder constituting binding acceptance of the contract on the seller's part.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; affirmed.

*Wm. J. Clark,* for appellant.

*C. A. Holland* and *R. W. Robins,* for appellee.

SMITH, J. Appellee, a corporation organized under the laws of this State for the purpose of building a hospital in the city of Conway, filed an amended complaint, in which it alleged that, on November 12, 1923, the appellant, B. T. Laney, Jr., contracted and agreed in writing to purchase bonds issued by appellee to the amount of $1,000, at par, and bearing interest at 4 per cent., as shown by a copy of the agreement made an exhibit to the complaint.

The hospital was erected at a cost of about $40,000, and funds for its erection were furnished upon defendant's subscription and similar subscriptions by various citizens of Faulkner County and a subsequent issue of bonds secured by a mortgage loan on the hospital building.

The complaint further alleged that, conformably to the agreement, defendant has paid $500 and received

therefor five bonds of $100 each. That a tender of five bonds for $100 each has been made to defendant, who refused to accept and pay for them, and that all the bonds were to be of like interest and kind as the $500 actually delivered. A tender of the bonds accompanied the complaint, and there was a prayer for judgment for the contract price of the bonds. The agreement to purchase the bonds reads as follows:

"Faulkner County Hospital,
"Conway, Arkansas, Nov. 12, 1923.
"For the purpose of erecting a modern hospital in Conway, for the benefit of the people of Faulkner County, I hereby agree to purchase bond(s) of the Faulkner County Hospital, aggregating one thousand dollars ($1000). One-half on or before January 1, 1924, the remainder June 1, '24.

"B. T. Laney, Jr."

The answer filed contained a denial that defendant had entered into an agreement for the purchase of any bonds of the hospital, or that he was indebted in any sum upon the alleged agreement. The answer admitted that defendant had signed the document, a copy of which was attached to the complaint, but denied that there was any agreement beyond that set out in said document. It denied that the same was intended to be a binding contract, and alleges its insufficiency as such. It further alleged that, if said writing signed by defendant be held sufficient to constitute a binding contract, he has complied therewith and discharged the obligations thereof "by purchasing from plaintiff bonds of the Faulkner County Hospital aggregating more than one thousand dollars, $500 of which were 4 per cent. bonds similar to the one attached to the complaint and $3,000 of which were 8 per cent. mortgage bonds."

The 4 per cent. bonds were unsecured, and the 8 per cent. bonds were secured by a mortgage on the hospital building.

Upon the issues thus joined, only one witness testified, this witness being P. F. Cleaver, the president of the

hospital. This witness testified that he was familiar with all the transactions of the institution since its organization. He offered in evidence the original subscription card signed by defendant. Witness had asked defendant to redeem his subscription by taking the $500 4 per cent. bonds which had not been delivered and paid for, but defendant declined to do so, and gave, as the reason for his refusal, the fact that he had already done more than his share towards building the hospital. Defendant had taken and paid for $500 of the 4 per cent. debenture bonds, and did not question that the bonds accepted accorded with the pledge or contract. A tender of the $500 4 per cent. bonds was made and refused. Defendant did not admit to witness that he had accepted the $500 in 4 per cent. bonds, but did admit that he had paid for these bonds.

An attempt was made, upon the cross-examination of the witness, to prove that witness had agreed with defendant to release defendant from the unperformed part of the contract upon the condition that defendant would buy and pay for $3,000 of the 8 per cent. bonds. The witness did not make this admission, and he categorically denied that he had any such authority. Witness testified that defendant did buy and pay for $3,000 of the 8 per cent. bonds. There was no contradiction of the testimony of Mr. Cleaver, as he was the only witness called.

Under the direction of the court a verdict was returned in favor of the plaintiff for $500, and judgment was rendered accordingly, from which is this appeal.

For the reversal of the judgment it is insisted that the complaint, as amended, did not state a cause of action, and that the testimony offered did not support the verdict.

Numerous authorities are cited to the effect that, if an agreement is so uncertain or ambiguous that the court is unable to collect from it what the parties intended, the court cannot enforce it, and there is therefore no valid contract, and it is alleged that the contract here sought to be enforced is of that character. It is also insisted that

the contract is void for the want of mutuality, as it was not shown that the plaintiff was bound by the agreement to sell any bonds to defendant, and that the so-called contract amounted to nothing more than an unaccepted offer on the part of defendant to purchase. We do not agree with counsel in either contention.

The subscription card, which the answer admits was signed by defendant, did not purport to express the entire contract between the parties, but the oral testimony makes the provisions of the agreement clear. These were that appellant had agreed to buy $1,000 of 4 per cent. bonds at par, but had only bought and paid for $500 of the bonds, and had declined to pay for the remainder, not because the bonds tendered did not conform to the contract, but because defendant thought he had done enough for the hospital. The allegation of the complaint, "that all the bonds purchased were to be of like interest and kind as the $500 actually delivered," was not denied in the answer, and for this reason must be taken as true. Section 1231, C. & M. Digest. No testimony was offered to support the allegation that Cleaver had agreed, or had authority to agree, to treat the purchase of $3,000 of 8 per cent. bonds as a performance or discharge of the obligation of the contract to purchase and pay for $500 additional 4 per cent. bonds.

The doctrine of the case of *Breckenridge & Brashears* v. *Hearne Timber Co.*, 135 Ark. 31, 204 S. W. 981, applies here. It was there said: "The writing did not specify how long the same was to continue in force. The oral testimony offered made it clear that it was contemplated by the parties that the contract should be in operation for the period of one year. This testimony was within the rule that, where a written instrument does not express the entire agreement or understanding of the parties, oral testimony may be admitted to show such agreement or understanding. In such cases the instrument on its face shows that it is not complete, and the admission of oral testimony therefore does not tend to vary or contradict the written contract. The contract being silent as to

the period of duration, parol evidence was admissible to show it.

If it be said that the subscription card does not show an obligation on the part of the plaintiff to sell bonds in any amount and was not signed by the plaintiff, it may be answered that the delivery of a part of the bonds and the tender of the remainder constituted a binding acceptance of the contract on the part of plaintiff.

The court was correct therefore in directing a verdict in plaintiff's favor, as no valid defense to the suit was shown, and the judgment will therefore be affirmed.